IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID MATSON and BARBARA MATSON, Individually and on Behalf of All Similarly Situated, | § § § § | |
| Plaintiffs, | § § | |
| V. | § § | CASE NO.  SA-19-CV-00717-JKP |
| NIBCO, INC., | § § | |
| Defendant. | § § | |

## MOTION TO DISMISS OF DEFENDANT NIBCO, INC. AND MEMORANDUM OF LAW IN SUPPORT

**GERMER BEAMAN & BROWN PLLC**
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288 Telephone
(512) 472-0721 Fax
Missy Atwood
Texas Bar No. 01428020
matwood@germer-austin.com
Ben Zinnecker
Texas Bar No. 24066504
bzinnecker@germer-austin.com

**MORGAN, LEWIS & BOCKIUS, LLP**
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963.5000 Telephone
(215) 963.5001 Fax
Gordon J. Cooney, Jr. (admitted *pro hac vice*)
gordon.cooney@morganlewis.com
Franco A. Corrado (admitted *pro hac vice*)
franco.corrado@morganlewis.com

**LATHROP & GAGE, LLP**
2345 Grand Blvd., Suite 2200
Kansas City, MO  64108-2618
(816) 460-5710 Telephone
(816) 292-2001 Fax

Kevin Kuhlman (to be admitted *pro hac vice*)
kkuhlman@lathropgage.com

**COUNSEL FOR DEFENDANT NIBCO, INC.**

## TABLE OF CONTENTS

Page

INTRODUCTION ............................................................................................................. 1

SUMMARY OF THE COMPLAINT ............................................................................... 2

LEGAL STANDARD ....................................................................................................... 3

ARGUMENT .................................................................................................................... 3

    A.    Plaintiffs Have Failed To Plead An Express Warranty Claim.............................. 3

        1.    Plaintiffs Have Not Pled The "Basis Of The Bargain" Element ............... 3

        2.    The Limited Warranty Does Not Cover The Alleged Design Defect........ 4

    B.    Plaintiffs' Implied Warranty Claims Should Be Dismissed As Time-
        Barred.................................................................................................................. 6

    C.    Plaintiffs' Strict Liability Claims Are Barred By The Statute of
        Limitations And Economic Loss Doctrine, And, In Any Event, Are
        Insufficiently Pled .............................................................................................. 8

        1.    The Statute of Limitations Bars Plaintiffs' Strict Liability Claims .......... 8

        2.    The Economic Loss Doctrine Bars Plaintiffs' Claims.............................. 8

        3.    Plaintiffs' Strict Liability Claims Fail For Additional Reasons............... 10

    D.    Plaintiffs Cannot Maintain Their Strict Liability Claims Concerning PEX
        Clamps Or Fittings Because They Have Not Alleged That Any Of These
        Products Failed.................................................................................................... 12

CONCLUSION................................................................................................................. 13

DB1/ 110320952.2

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*Am. Eagle Ins. Co. v. United Techs. Corp.*,
 48 F.3d 142 (5th Cir. 1995) ......................................................................................9

*American Pipe and Construction Co. v. Utah*,
 414 U.S. 538 (1974).................................................................................................7

*Ashcroft v. Iqbal*,
 556 U.S. 662 (2009)...................................................................................3, 4, 11, 12

*Barnett v. Mentor H/S, Inc.*,
 133 F. Supp. 2d 507 (N.D. Tex. 2001) .....................................................................9

*Barragan v. Gen. Motors LLC*,
 No. SA-15-CV-854-DAE, 2016 WL 3519675 (W.D. Tex. June 22, 2016) ...........11

*Bell Atl. Corp. v. Twombly*,
 550 U.S. 544 (2007)..................................................................................................3

*Bell v. Showa Denko K.K.*,
 899 S.W.2d 749 (Tex. App.—Amarillo 1995, writ denied) .....................................7

*Blythe v. Bumbo Int'l Trust*,
 No. 6:12-CV-36, 2013 WL 6190284 (S.D. Tex. Nov. 26, 2013), *aff'd*, 634 F.
 App'x 944 (5th Cir. 2015) .......................................................................................12

*BP Am. Prod. Co. v. Marshall*,
 342 S.W.3d 59 (Tex. 2011).......................................................................................7

*Brewer v. Lutron Elecs. Co., Inc.*,
 No. 19-40333, 2019 WL 6217820 (5th Cir. Nov. 20, 2019) ....................................8

*Chung v. Ladybug Skincare Salon of Hous., Tex.*,
 No. 11-4079, 2012 WL 4629875 (S.D. Tex. Sept. 13, 2012)....................................5

*Cole v. NIBCO, Inc.*,
 No. 2016 WL 10536025 (D.N.J. Feb. 26, 2016) ....................................................12

*Compaq Computer Corp. v. Lapray*,
 135 S.W.3d 657 (Tex. 2004).................................................................................3, 4

*In re Enron Corp. Secs.*,
 465 F. Supp. 2d 687 (S.D. Tex. 2006) ......................................................................7

DB1/ 110320952.2

**TABLE OF AUTHORITIES**
(continued)

Page(s)

*Hughes v. Panasonic Consumer Elecs. Co.*,
   No. CIV.A. 10-846 SDW, 2011 WL 2976839 (D.N.J. July 21, 2011)......................................5

*Klein v. Marvin Lumber & Cedar Co.*,
   No. 13-385, 2013 WL 12084508, at *5-6 (S.D. Tex. Nov. 13, 2013), *aff'd*,
   575 F. App'x 347 (5th Cir. 2014) ...........................................................................9

*Longport Ocean Plaza Condo., Inc. v. Cato*,
   No. Civ. A. 00-CV-2231, 2002 WL 436742 (E.D. Pa. Mar. 18, 2002)..................................10

*Mack Trucks, Inc. v. Borgwarner Turbo Sys., Inc.*,
   508 F. App'x 180 (3d Cir. 2012) ............................................................................5

*McLennan v. Am. Eurocopter Corp.*,
   245 F.3d 403 (5th Cir. 2001) ........................................................................11, 12

*Meadow v. NIBCO, INC.*,
   No. 15 CV 1124, 2016 WL 2986350 (M.D. Tenn. May 24, 2016) ...................................4, 12

*Miller v. Hyundai Motor Am.*,
   No. 1:15-cv-4722, 2017 WL 4382339 (S.D.N.Y. Sept. 29, 2017) .........................................5

*Orthoflex, Inc. v. ThermoTek, Inc.*,
   No. 3:10-CV-2618-D, 2013 WL 4045206 (N.D. Tex. Aug. 9, 2013) .....................................4

*Pugh v. Gen. Terrazzo Supplies, Inc.*,
   243 S.W.3d 84 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)................................8, 10

*Ravenell v. Republic Tobacco Co.*,
   No. 94-363, 1996 WL 33317575 (S.D. Tex. Apr. 4, 1996)................................................10

*Rittinger v. Davis Clinic*,
   No. 4:17-cv-00626, 2018 WL 690869 (S.D. Tex. Feb. 1, 2018)...........................................8

*Shell Oil Co. v. Ross*,
   356 S.W.3d 924 (Tex. 2011)...................................................................................7

*Smith v. Robin Am., Inc.*,
   773 F. Supp. 2d 708 (S.D. Tex. 2011) .....................................................................11

*St. Johns United Methodist Church v. Delta Elecs., Inc.*,
   No. 3:11-cv-00057, 2012 WL 3205043 (S.D. Tex. Aug. 3, 2012) .........................................6

*Vernon v. City of Dall.*,
   No. 08-1068, 2009 WL 2486033 (N.D. Tex. Aug. 13, 2009)................................................6

**TABLE OF AUTHORITIES**
(continued)

**Page(s)**

*Washington Apts., L.P. v. Oetiker, Inc.*,
43 Misc. 3d 265 (N.Y. Sup., Erie County, 2013) ...................................................10

*Welk v. Simpkins*,
402 F. App'x 15 (5th Cir. 2010) .............................................................................7

**Statutes**

Tex. Bus. & Com. Code Ann. § 2.725(a)-(b) .............................................................6

Tex. Bus. & Com. Code § 2.313(a)(1)........................................................................3

**Other Authorities**

Restatement (Third) of Torts: Product Liability § 2 cmt. c (1998)................................5

Rule 8 ........................................................................................................................6

Rule 9(b)'s ................................................................................................................6

Rule 12(b)(6)..........................................................................................................1, 3

## INTRODUCTION

Plaintiffs allegedly purchased a home incorporating a plumbing system comprised of NIBCO PEX[1] Tubing; Fittings that connect the Tubing; and Clamps that join the Tubing and Fittings.  Compl., Doc. 1., at ¶ 2.  Plaintiffs assert that some of the PEX Tubing installed in the plumbing system installed in their home leaked and caused damage to the home.  *Id.* ¶¶ 13-17.  Plaintiffs do not appear to allege that any Fittings or Clamps have leaked.

Based on conclusory and insufficient allegations, Plaintiffs assert a number of causes of action.  Plaintiffs' claims should be dismissed under Rule 12(b)(6) for several reasons.

***First***, Plaintiffs' attempt to assert a claim under NIBCO's written Limited Warranty fails in multiple respects.  They have not satisfied the "basis of the bargain" requirement under Texas law because they have not alleged facts showing that they were aware of, let alone relied on, the NIBCO Limited Warranty when purchasing their home.  Plaintiffs' claim also fails because the Limited Warranty covers only ***manufacturing*** defects, whereas Plaintiffs predicate their claim on the existence of a ***design*** defect in the NIBCO products.

***Second***, Plaintiffs' implied warranty claim is time-barred because Plaintiffs sued more than four years after installation of the PEX in their home.

***Third***, Plaintiffs' strict liability claims are also time-barred, based on the applicable two-year statute of limitations.   In addition, the economic loss doctrine bars Plaintiffs from recovering (a) the cost to repair or replace the PEX products, (b) the cost to repair or replace adjacent areas of the home caused by leaks, (c) any other economic losses, and (d) any damages with regard to Fittings and/or Clamps, neither of which is alleged to have leaked in Plaintiffs' home.  Any such tort claim should be dismissed as a consequence.

---

[1] PEX is an acronym for chemically bonded polyethylene tubing products.  Compl. at ¶ 28.

***Finally***, in addition to the complete statute of limitations bar and economic loss bar, Plaintiffs' purported manufacturing defect and failure to warn claims are deficiently pled, among other reasons, because Plaintiffs (a) assert that all PEX products suffer a common design defect instead of some manufacturing anomaly affecting only some units, and (b) have not alleged facts establishing that a failure to warn caused their alleged harm.

## SUMMARY OF THE COMPLAINT

NIBCO manufactures and sells products for plumbing systems, including PEX Tubing, Fittings, and Clamps. Compl. ¶¶ 1, 2, 25. Plaintiffs allege that in or before 2010, they purchased a home built by D.R. Horton. *Id.* ¶ 14. According to them, the home was constructed with a plumbing system consisting of PEX Tubing, Fittings, and Clamps. *Id.* ¶¶ 12-13.

Plaintiffs claim to have experienced three plumbing leaks. The first allegedly occurred in December 2010. *Id.* ¶ 13. The Complaint avers that, at the time of the leak, Mrs. Matson notified a neighbor, who "patched the leak," and she then notified the homebuilder, who allegedly "had the leak further repaired" and had "the drywall patched and painted." *Id.* ¶ 14. Plaintiffs allegedly experienced two more Tubing leaks -- one in May 2015 and another in July 2017. *Id.* ¶ 15. They claim to have notified the homebuilder of the 2017 leak, which provided repairs. *Id.* ¶ 17. Plaintiffs identify no leaks in a Fitting or Clamp, *id.* ¶ 15 (alleging that "pipes were defective and causing damage"); ¶ 18 (alleging failures of alleged "defective PEX pipes"), and do not identify any out-of-pocket losses suffered as a result of the leaks. *See id.* at ¶¶ 14-18.

Plaintiffs do not claim to have researched or selected the PEX Products themselves, or to have read, heard, or relied upon any statement about the PEX Products, or to have even known that their home incorporated NIBCO PEX products, prior to their purchase. The Limited Warranty warrants only against "defects in materials and workmanship." *Id.* ¶¶ 31, Ex. 1. Plaintiffs commenced this action on June 16, 2019. Doc. 1.

-2-

## LEGAL STANDARD

A motion to dismiss under Rule 12(b)(6) should be granted where the complaint fails to allege facts sufficient to establish each element of the claims.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-80 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007).  To survive a motion to dismiss, the complaint's allegations must rise above the "speculative," "conceivable," or "possible," and instead must "state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 547, 555, 563, 570; *see also Iqbal*, 556 U.S. at 678 (explaining that the plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully").

A complaint must include more than "labels and conclusions . . . a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  Thus, while well-pleaded allegations of fact are accepted as true, legal conclusions and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements," are not.  *Iqbal*, 556 U.S. at 678.

## ARGUMENT

### A.   Plaintiffs Have Failed To Plead An Express Warranty Claim

#### 1.   *Plaintiffs Have Not Pled The "Basis Of The Bargain" Element*

Plaintiffs' express warranty claim must be dismissed because they have not alleged that NIBCO's Limited Warranty became the basis of any bargain with NIBCO.   An express warranty is created when the seller makes an "affirmation of fact or promise" to the buyer, which "becomes part of the basis of the bargain."  Tex. Bus. & Com. Code § 2.313(a)(1) (providing elements).

Texas law requires proof of actual reliance on the alleged express warranty to satisfy this standard.  *Compaq Computer Corp. v. Lapray*, 135 S.W.3d 657, 676 (Tex. 2004) ("Under Texas law, we have said that '[r]eliance is . . . not only relevant to, but an element of proof of, plaintiffs' claims of breach of express warranty . . . .'" (citation omitted)).

The Complaint is devoid of any facts demonstrating reliance. They assert only a conclusory allegation that representations in the Limited Warranty "were part of the 'basis of the bargain'" with NIBCO. Compl. ¶ 73. Such a conclusory allegation is insufficient under *Iqbal*. *See Iqbal*, 556 U.S. at 678. Plaintiffs did not select or purchase the PEX products themselves, or allege any facts showing that they were aware of and relied on the Limited Warranty when making a purchasing decision. *Id.* ¶¶ 14, 17-19. Indeed, Plaintiffs do not even allege that they knew at the time of their home purchase that their home was constructed with NIBCO's PEX Products. Their express warranty claim fails as a result. *Lapray*, 135 S.W.3d at 676.

Applying similar laws of another state, another court dismissed similar claims where plaintiffs did not plead facts establishing they were aware of the NIBCO Limited Warranty when purchasing homes constructed with PEX. *Meadow v. NIBCO, INC.*, No. 15 CV 1124, 2016 WL 2986350, at *3-4 (M.D. Tenn. May 24, 2016) (finding "basis of bargain" not satisfied by conclusory allegation and dismissing claim where "Plaintiffs here did not buy the products," did not "see[] or rel[y] upon the existence of the warranty," and instead "became the owners of the PEX products simply by purchasing homes in which those products were installed"). This Court should dismiss Plaintiffs' claim for similar reasons.

### 2. *The Limited Warranty Does Not Cover The Alleged Design Defect*

Even if Plaintiffs had satisfied the "basis of the bargain" element, their claim still would fail. The Limited Warranty covers only "defects in materials and workmanship." Compl. ¶ 66, Ex. 1. Such warranty language extends coverage only to manufacturing defects -- not design defects as alleged by Plaintiffs. *See Orthoflex, Inc. v. ThermoTek, Inc.*, No. 3:10-CV-2618-D, 2013 WL 4045206, at *8 (N.D. Tex. Aug. 9, 2013) (explaining "plaintiffs cannot recover for

defects not covered by the express warranties" and that phrase "free from defects in material and workmanship . . . does not cover design defects").[2]

Under Texas law, a manufacturing defect occurs when a "product deviates, in its construction or quality, from the specifications or planned output in a manner that renders it unreasonably dangerous." *Chung v. Ladybug Skincare Salon of Hous., Tex.*, No. 11-4079, 2012 WL 4629875, at *5 (S.D. Tex. Sept. 13, 2012). A design defect, on the other hand, occurs when a product is made as-intended by the manufacturer but is "unreasonably dangerous" as designed. *Id.*; *see also* Restatement (Third) of Torts: Product Liability § 2 cmt. c (1998) ("[A] manufacturing defect is a departure from a product unit's design specifications").

Plaintiffs' Complaint clearly alleges a design defect theory. Plaintiffs allege that all PEX Products are prone to degrade prematurely and fail because of alleged common design and material choices. *See* Compl. at ¶ 83 ("The PEX Products were defective ***in their design*** . . . ."); *see also* ¶¶ 47-48 (alleging "***material choices***" as source of defect for Fittings and Clamps); ¶ 50 (alleging PEX Clamps "are ***designed*** in a manner that allows tensile stresses to exceed yield strength"); ¶ 84 (alleging that "***material composition***" of each PEX Product is defective) (emphasis added). Plaintiffs allege ***no facts*** suggesting that their Tubing, Fittings, or Clamps were manufactured in a way that deviated from their design specifications or from other identical units. Plaintiffs do not

---

[2] It is widely recognized that a "materials and workmanship" warranty does not warrant the product's design. *See Mack Trucks, Inc. v. Borgwarner Turbo Sys., Inc.*, 508 F. App'x 180, 184 (3d Cir. 2012) (applying Pennsylvania law and stating that "[d]esign is an earlier and distinct phase of product production not captured by the workmanship warranty"); *see also Miller v. Hyundai Motor Am.*, No. 1:15-cv-4722, 2017 WL 4382339, at *5 (S.D.N.Y. Sept. 29, 2017) (dismissing claim under "materials and workmanship" warranty because plaintiff's theory of common defect sounded in design defect, not manufacturing defect); *Hughes v. Panasonic Consumer Elecs. Co.*, No. CIV.A. 10-846 SDW, 2011 WL 2976839, at *18 (D.N.J. July 21, 2011) (dismissing warranty claims under Pennsylvania and Alabama law because warranty as to "materials and workmanship" is a warranty against manufacturing, not design, defects).

allege any manufacturing defect and cannot prevail on a claim for breach of NIBCO's Limited Warranty.

Plaintiffs have failed to allege a warrantable defect, and the express warranty claim should be dismissed in its entirety as a result.

**B.**     **Plaintiffs' Implied Warranty Claims Should Be Dismissed As Time-Barred**

Plaintiffs' implied warranty claim is barred because they filed suit more than four years after the goods were tendered.[3] According to the Complaint, Plaintiffs' PEX products were installed by 2010 at the latest.  Compl. at ¶ 13.  Their right to assert an implied warranty claim expired no later than 2014.  Plaintiffs' implied warranty claim should be dismissed with prejudice as a result.  *St. Johns United Methodist Church v. Delta Elecs., Inc.*, No. 3:11-cv-00057, 2012 WL 3205043, at *1 (S.D. Tex. Aug. 3, 2012) (rejecting implied warranty claim filed more than four years after the date of sale as untimely under Texas law).

Likely sensitive to the expiration of their limitations period, Plaintiffs attempt to plead equitable tolling on the basis of fraudulent concealment.  The two vague and conclusory allegations in the Complaint at paragraphs 54-55 fall far short of establishing under Rule 8 (let alone Rule 9(b)'s heightened pleading standard applicable to fraudulent concealment allegations) that NIBCO knew of the alleged defects and intentionally and affirmatively concealed them from Plaintiffs. *Vernon v. City of Dall.*, No. 08-1068, 2009 WL 2486033, at *6 (N.D. Tex. Aug. 13, 2009) (stating that "allegation that 'Defendants fraudulently concealed their wrongful' conduct, thereby preventing her from discovering her claim, is nothing more than a legal conclusion, which need not be accepted as true").

---

[3] *See* Tex. Bus. & Com. Code Ann. § 2.725(a)-(b) (providing that claim must be brought within four years after goods are tendered).

To toll the statute of limitations, the plaintiff must plead, among other things, that the defendant used deception to conceal the cause of action from the plaintiff, and that the plaintiff reasonably relied on the deception. *See Shell Oil Co. v. Ross*, 356 S.W.3d 924, 927 (Tex. 2011); *BP Am. Prod. Co. v. Marshall*, 342 S.W.3d 59, 68 (Tex. 2011). Plaintiffs have not satisfied this standard because they have not pled that they had ***any interaction*** with NIBCO, let alone some act of deception by NIBCO directed to ***Plaintiffs*** that prevented ***Plaintiffs*** from filing suit within the limitations period. Therefore, there is no basis to toll the statute of limitations based on alleged fraudulent concealment.[4]

Plaintiffs also incorrectly assert that the prior federal class action in New Jersey tolled their claims, presumably under *American Pipe and Construction Co. v. Utah*, 414 U.S. 538, 553 (1974). Compl. at ¶ 56. Texas law does not recognize cross-jurisdictional tolling of state law claims by an earlier-filed federal class action. *See Bell v. Showa Denko K.K.*, 899 S.W.2d 749, 757–58 (Tex. App.—Amarillo 1995, writ denied) (holding that pendency of putative federal class action did not toll Texas statute of limitations applicable to state law claims and noting "[w]e do not agree that *American Pipe* operates to toll our state statute of limitations"); *In re Enron Corp. Secs.*, 465 F. Supp. 2d 687, 720-22 (S.D. Tex. 2006) (noting that *American Pipe* tolling limited to federal claims asserted after federal class action and that Texas state law claims would not be tolled under *American Pipe*). They thus have not alleged a basis for tolling, and their implied warranty claim is untimely as a consequence.

---

[4] Additionally, an alleged failure to disclose alleged defects cannot support tolling under Texas law absent some special relationship not pled here. *See Welk v. Simpkins*, 402 F. App'x 15, 20 (5th Cir. 2010) (ruling that mere "business relationship" does not create a duty to disclose under Texas law).

**C.**   **Plaintiffs' Strict Liability Claims Are Barred By The Statute of Limitations And Economic Loss Doctrine, And, In Any Event, Are Insufficiently Pled**

    **1.**   *The Statute of Limitations Bars Plaintiffs' Strict Liability Claims*

Plaintiffs' strict liability design defect, manufacturing defect, and failure to warn claims are barred by Texas's two-year statute of limitations.  *See Rittinger v. Davis Clinic*, No. 4:17-cv-00626, 2018 WL 690869, at *1-2 (S.D. Tex. Feb. 1, 2018) (granting motion to dismiss failure to warn and design defect claims because plaintiff filed claims more than two years after injury). "Normally, under Texas law, a cause of action accrues two years after an injury occurs." *Brewer v. Lutron Elecs. Co., Inc.*, No. 19-40333, 2019 WL 6217820, at *2 (5th Cir. Nov. 20, 2019) (citation omitted).  In *Brewer*, the Fifth Circuit affirmed dismissal of tort claims against the manufacturer of a home-automation system because plaintiffs sued more than two years from the time they first experienced "problems" and thus "knew" that "their home automation system was not working properly." *Brewer*, 2019 WL 6217820, at *2.  Likewise, Plaintiffs allege that they first experienced a leak in 2010 and another leak in 2015.  *See* Compl. at ¶¶ 13-14.  Plaintiffs thus had actual knowledge of problems with their PEX Products in 2010, but certainly no later than 2015.  Yet, Plaintiffs did not sue until 2019.  Moreover, as demonstrated above in Section B.2., Plaintiffs have not adequately alleged a basis for tolling.  Plaintiffs failed to sue within two years, and their claims are time-barred.

    **2.**   *The Economic Loss Doctrine Bars Plaintiffs' Claims*

Even if Plaintiffs' strict liability claims were not time barred, they nevertheless should be dismissed because they seek improper recoveries in tort barred by the economic loss doctrine.  The economic loss doctrine bars any recovery for direct losses to the product itself -- *e.g.*, the cost of the product itself or the cost to repair or replace the product.  *Pugh v. Gen. Terrazzo Supplies, Inc.*, 243 S.W.3d 84, 90 (Tex. App.—Houston [1st Dist.] 2007, pet. denied) ("[T]he economic loss

doctrine has been applied to preclude tort claims brought to recover economic losses against the manufacturer or seller of a defective product where the defect damages only the product and does not cause 'personal injury' or damage to 'other property.'").  This doctrine precludes Plaintiffs' claims in two ways.

Plaintiffs' claim for damages for the repair or replacement of the PEX Products themselves must be dismissed.  *See Barnett v. Mentor H/S, Inc.*, 133 F. Supp. 2d 507, 513-14 (N.D. Tex. 2001) (applying economic loss doctrine to bar recovery of damages for "having to replace numerous defective" products).

Moreover, because Plaintiffs admittedly bought the home with PEX already integrated into the structure, any alleged damage to the home itself -- *e.g.*, to the drywall or other parts of the home -- is not "other property" for purposes of avoiding the economic loss bar.  Compl. ¶¶ 14-16. In *Klein v. Marvin Lumber & Cedar Co.*, the court barred claims against a window manufacturer for damage to adjacent areas of a home caused by window leaks because the "[p]laintiff did not bargain separately for the windows and the windows were installed prior to Plaintiffs' purchase of the home."  No. 13-385, 2013 WL 12084508, at *5-6 (S.D. Tex. Nov. 13, 2013), *aff'd*, 575 F. App'x 347 (5th Cir. 2014).  Thus, "any damage that occurred surrounding the windows [was] not damage to 'other property.'"  *Id.* at *6.  Similarly, Plaintiffs purchased a finished product (their home) that included NIBCO PEX Products as one component of the integrated building structure. *Klein* thus compels dismissal of any claims for incidental damages for the cost of repairs to the home and structure of the home caused by the alleged failure of the PEX component.  *See also Am. Eagle Ins. Co. v. United Techs. Corp.*, 48 F.3d 142, 145 (5th Cir. 1995) (holding that economic loss rule applied where airplane owner sued manufacturer of defective engine that caused plane to crash, resulting in damage to hull, because owner did not bargain separately for engine and engine

was installed prior to owner's purchase); *Pugh*, 243 S.W.3d at 86-87 (finding that damage to surrounding areas of wall cavities caused by allegedly defective insulation was barred because "there was no personal injury or damage to other property that would have permitted the [plaintiffs] to assert a tort claim that would be excepted from the economic loss doctrine").[5]   Although the economic loss rule may not bar recovery for damages to *personal property* stored in their home, Plaintiffs have alleged no such damage to personal property.   Therefore, the economic loss doctrine is fully dispositive of Count III.

### 3.     *Plaintiffs' Strict Liability Claims Fail For Additional Reasons*

In addition to being barred by the economic loss doctrine, Plaintiffs' manufacturing defect and failure to warn claims are inadequately pled.  Compl. ¶¶ 102-136.

As discussed *supra* in Section A.2, Plaintiffs allege that all Tubing, Fittings, and Clamps share common defects because of common alleged design and material choices (e.g., an alleged "design defect").   Their cursory and conclusory mentions of a "manufacturing defect" in their Complaint do not salvage their claim because they include no well-pleaded facts plausibly establishing that the PEX installed in their home is defective because it was made differently than other PEX produced by NIBCO.   *Ravenell v. Republic Tobacco Co.*, No. 94-363, 1996 WL 33317575, at *5 (S.D. Tex. Apr. 4, 1996) (dismissing manufacturing defect claim because complaint failed to allege that "products in question differed from the 'identical units generically

---

[5] Courts applying similar rules routinely hold that physical damage to adjacent areas of the home (like drywall or flooring) is not actionable.  *See Washington Apts., L.P. v. Oetiker, Inc.*, 43 Misc. 3d 265 (N.Y. Sup., Erie County, 2013) (rejecting claims against manufacturer of plumbing components for water damage to cabinetry, tiles, carpeting, the elevator, and alarm system under economic loss doctrine); *Longport Ocean Plaza Condo., Inc. v. Cato*, No. Civ. A. 00-CV-2231, 2002 WL 436742, at *5 (E.D. Pa. Mar. 18, 2002) ("[T]o the extent products used in construction prove defective and result in harm to a building itself, these damages should not be considered damage to 'other property'") (collecting cases).

manufactured by' the Defendants"); *see also Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements" are not accepted as true).

Plaintiffs also have not alleged a plausible "failure to warn" claim.  In Texas, such a claim requires a showing that "the 'lack of adequate warnings or instructions renders an otherwise adequate product unreasonably dangerous.'"  *McLennan v. Am. Eurocopter Corp.*, 245 F.3d 403, 427 (5th Cir. 2001) (citation omitted).  In other words, a plaintiff must show that the product was properly designed and made, yet posed a risk of injury because of a lack of appropriate operating instructions and/or an adequate warning of accompanying risks.  Plaintiffs' claim is untenable under Texas law because the crux of their claim is that NIBCO's PEX Products are inherently defective and prone to failure under normal operating conditions because of design choices.  *Id.*  A failure to warn claim does not extend to failing to warn about an alleged design defect.  *Barragan v. Gen. Motors LLC*, No. SA-15-CV-854-DAE, 2016 WL 3519675, at *7 (W.D. Tex. June 22, 2016) (granting motion to dismiss and explaining failure to warn claim "does not arise where [the] manufacturer fails to warn of the unreasonable danger caused by alleged design defects" (citing cases)).

Moreover, Plaintiffs' generalized and speculative allegations do not plausibly show that NIBCO knew of the alleged defects at the time their PEX Products were purchased and installed in 2010 or earlier, such that a duty to disclose existed at that time.  *Smith v. Robin Am., Inc.*, 773 F. Supp. 2d 708, 714 (S.D. Tex. 2011) (stating that under Texas law, an element of a failure to warn claim is "supplier of the product knows or reasonably should foresee the risk of harm at the time the product is marketed").  Plaintiffs include no alleged facts regarding NIBCO's alleged knowledge prior to their home purchase in 2010.

In addition, Plaintiffs cannot establish causation from any failure to warn for the additional reason that they did not purchase the PEX. General contractors or plumbers selected and purchased the PEX Products used to construct Plaintiffs' home without any input from Plaintiffs. Plaintiffs do not contend that they saw, heard, or read anything about NIBCO PEX products prior to purchasing their home, chose to have NIBCO PEX products installed in their home, or that the presence of NIBCO PEX products played any role in their decision to purchase their home. Consequently, they cannot assert that they were impacted by any failure to warn. *Blythe v. Bumbo Int'l Trust*, No. 6:12-CV-36, 2013 WL 6190284, at *5 (S.D. Tex. Nov. 26, 2013) ("Because [an] even better warning . . . would not have prevented the injury given that the Blythes did not read any of the numerous warnings provided, the marketing defect claim also fails for lack of causation."), *aff'd*, 634 F. App'x 944 (5th Cir. 2015).

Finally, Texas law also does not recognize a duty to warn that arises post-sale. *McLennan*, 245 F.3d at 430. Therefore, any purported claim based on NIBCO's failure to issue a warning after the time of Plaintiffs' purchase fails as a matter of law.

**D.      Plaintiffs Cannot Maintain Their Strict Liability Claims Concerning PEX Clamps Or Fittings Because They Have Not Alleged That Any Of These Products Failed**

Plaintiffs include many references to PEX Fittings and Clamps in the Complaint, *see* Compl. ¶¶ 2, 10, 19, 25, 34-41, but do not actually allege that any Fitting or Clamp installed in their home leaked or caused property damage. Accordingly, any strict liability claims predicated on the Fittings or Clamps are ripe for dismissal because those products have not failed Plaintiffs. *Meadow*, 2016 WL 2986350, at *4 (granting motion to dismiss claims based on PEX fittings and clamps brought by plaintiffs who did not experience failures of those products); *Cole v. NIBCO, Inc.*, No. 2016 WL 10536025, at *12 (D.N.J. Feb. 26, 2016) (same); *In re Air Bag Prods. Liab.*

*Litig.*, 7 F. Supp. 2d 792, 804, 806 (E.D. La. 1998) (Texas law) (dismissing claims over allegedly defective airbags that were prone to malfunction but did not malfunction in plaintiffs' vehicles).

## **<u>CONCLUSION</u>**

For these reasons, the Court should dismiss the Complaint as set forth herein.

Dated:  December 9, 2019

Respectfully submitted,

*/s/ Missy Atwood*
**GERMER BEAMAN & BROWN PLLC**
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288 Telephone
(512) 472-0721 Fax
Missy Atwood
Texas Bar No. 01428020
matwood@germer-austin.com
Ben Zinnecker
Texas Bar No. 24066504
bzinnecker@germer-austin.com

**MORGAN, LEWIS & BOCKIUS, LLP**
1701 Market Street
Philadelphia, PA  19103-2921
(215) 963.5000 Telephone
(215) 963.5001 Fax
Gordon J. Cooney, Jr. (admitted pro hac vice)
gordon.cooney@morganlewis.com
Franco A. Corrado (admitted pro hac vice)
franco.corrado@morganlewis.com

**LATHROP & GAGE, LLP**
2345 Grand Blvd., Suite 2200
Kansas City, MO  64108-2618
(816) 460-5710 Telephone
(816) 292-2001 Fax
Kevin Kuhlman (to be admitted pro hac vice)
kkuhlman@lathropgage.com

**COUNSEL FOR DEFENDANT NIBCO, INC.**