IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID MATSON and BARBARA MATSON, individually and on behalf of all others similarly situated, | § § § § | |
| *Plaintiffs*, | § § | CASE NO. SA-19-CV-0717-JKP |
| v. | § § | |
| NIBCO, Inc., | § § | |
| *Defendant*. | § § | |

**PLAINTIFFS' UNOPPOSED MOTION TO MODIFY SCHEDULING ORDER
AND FOR LEAVE TO FILE SECOND AMENDED CLASS ACTION COMPLAINT**

Plaintiffs David Matson and Barbara Matson, individually and on behalf of all others similarly situated ("the Class"), ask the Court to grant them leave to file their Second Amended Complaint, and respectfully show the Court as follows:

**I.
INTRODUCTION**

1. Plaintiffs seek leave of Court to file their Second Amended Class Action Complaint pursuant to Rule 15, and in the interests of justice. Plaintiffs, for themselves and on behalf of a putative class of homeowners, seek to recover damages against Defendant, NIBCO, Inc. ("NIBCO") for claims related to allegedly defective plumbing tubing and fixtures. This suit includes two subclasses of homeowners, one in Texas and one in Alabama. Plaintiffs are Texas homeowners; the Second Amended Class Action Complaint adds an additional Alabama homeowner.

*Plaintiffs' Unopposed Motion to Modify Scheduling Order and
For Leave to File Second Amended Class Action Complaint*
3309293.1

Page 1

## II.
### PROCEDURAL HISTORY

2. Plaintiffs filed this suit on June 19, 2019 [Dkt. 1] and amended their Class Action Complaint on April 27, 2020 [Dkt. 33]. The class claims include two sub-classes of affected homeowners, one in Texas and another in Alabama. Plaintiffs are Texas homeowners. NIBCO was the manufacturer and seller of the defective plumbing goods.

3. On July 18, 2019, Yolanda Garrett filed her Class Action Complaint against NIBCO in the United States District Court for the Northern District of Alabama, Southern Division, case number 2:19-cv-01137-SGC (the "Alabama Suit"). In the Alabama Suit, Garret seeks to recover for herself and a putative class damages arising out of the same allegedly defective plumbing products that are at issue in this suit.

4. On September 16, 2020, the Plaintiffs and Defendant participated in a mediation that resulted in an agreement in principle to settle claims for both the Texas and Alabama sub-classes. Garret participated in the mediation through counsel in an effort to reach a global settlement.

5. Since the conclusion of the successful mediation, Plaintiffs, Garret, and Defendant have negotiated the terms of a final settlement, concluding in a formal, written settlement agreement. That settlement agreement contemplates Garret being added to this suit so this Court may preside over the parties' request to certify a class and approve the settlement.

6. On May 18, 2020 [Dkt. 36], the Court entered a Scheduling Order that includes a deadline of October 30, 2020 to amend pleadings and add parties.

7. Contemporaneously with the filing of this Motion for Leave to Amend, Plaintiffs are also filing their unopposed Motion for Preliminary Approval of the class action settlement.

## III.
### ARGUMENT AND AUTHORITIES

8. A party may amend its pleadings with leave of court, and "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a)(2). Where, as here, the deadline to amend has passed, the Court must first determine whether to modify the scheduling order under the Rule 16(b)(4) good cause standard. *See S & W Enters., L.L.C. v. South Trust Bank of Ala., N.A.,* 315 F.3d 533, 536 (5th Cir.2003). If the movant meets the good cause standard of Rule 16(b)(4), the court then determines whether to grant leave under the more liberal standard of Rule 15(a)(2). *Id.*

9. The court is to consider the following four factors when determining whether leave should be granted under Rule 16(b)(4): "(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice." *Id.*

10. Here, Plaintiffs delayed seeking leave to amend because the parties were still negotiating the final terms of their settlement agreement, which terms included whether to have Garret join this suit. The amendment is necessary to effectuate the terms of the parties' settlement as well as the efficient administration of the procedures the Court must employ in determining whether to certify the class and approve the settlement. There is no prejudice in allowing the amendment; indeed, Defendant does not oppose this Motion for Leave because it too desires the peace that comes with a final settlement. As there is no prejudice, the availability of a continuance is moot.

11. Accordingly, the Court should modify the Scheduling Order to extend the deadline by which the parties must amend pleadings and add parties. The Court should then grant leave for Plaintiffs to file their Second Amended Class Action Complaint in the interests of justice.

12. Plaintiffs' proposed Second Amended Class Action Complaint is attached to this Motion as **Exhibit A**.

## IV.
### SUMMARY AND PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiffs ask the Court to modify the Scheduling Order and grant them leave to file their Second Amended Complaint, together with all such other relief to which they may be entitled.

Respectfully submitted this 22nd day of December 2020.

Respectfully submitted,

*/s/ Robert E. Linkin*

**NIX PATTERSON, LLP**
3600 N Capital of Texas Highway
Suite B350
Austin, Texas 78746
(512) 328-5333 (telephone)
Austin Tighe
State Bar No. 20023900
atighe@nixlaw.com

**MUNCK WILSON MANDALA, LLP**
2801 Via Fortuna Drive, Suite 630
Austin, Texas 78746
(737) 201-1616 (telephone)
Robert E. Linkin
State Bar No. 00795773
rlinkin@munckwilson.com

**DuBOIS, BRYANT & CAMPBELL, LLP**
303 Colorado Street, Suite 2300
Austin, TX  78701
(512) 457-8000 (telephone)
J. David Rowe
State Bar No. 00794564
drowe@dbcllp.com

**GRABLE GRIMSHAW PLLC**
1603 Babcock Road
Suite 118
San Antonio TX  78229
(210) 963-5297 (telephone)
Brandon J. Grable
State Bar No. 24086983
brandon@g2.law
Matthew Grimshaw
State Bar No. 24086983
matt@g2law

*ATTORNEYS FOR PLAINTIFFS*
**David Matson and Barbara Matson, Individually, and on Behalf of All Others Similarly Situated**

## CERTIFICATE OF SERVICE

This is to certify that on this the 22nd day of December, 2020, a true and correct copy of the foregoing *Plaintiffs' Unopposed Motion to Modify Scheduling Order and for Leave to File Second Amended Class Action Complaint* has been served on all counsel of record via the Court's electronic filing system, pursuant to the Federal Rules of Civil Procedures.

**MORGAN, LEWIS & BOCKIUS, LLP**
1701 Market Street
Philadelphia, PA 19103-2921
(215) 963.5000 Telephone
(215) 963.5001 Fax
Gordon J. Cooney, Jr.
(admitted *pro hac vice*)
gordon.cooney@morganlewis.com
Franco A. Corrado (admitted *pro hac vice*)
franco.corrado@morganlewis.com

**LATHROP GPM LLP**
2345 Grand Blvd., Suite 2200
Kansas City, MO 64108-2618
(816) 460-5710 Telephone
(816) 292-2001 Fax
Kevin Kuhlman (to be admitted *pro hac vice*)
kkuhlman@lathropgpm.com

**GERMER BEAMAN & BROWN PLLC**
301 Congress Avenue, Suite 1700
Austin, Texas 78701
(512) 472-0288 Telephone
(512) 472-0721 Fax
Missy Atwood
Texas Bar No. 01428020
matwood@germer-austin.com
Ben Zinnecker
Texas Bar No. 24066504
bzinnecker@germer-austin.com

**COUNSEL FOR DEFENDANT
NIBCO, INC.**

                                      */s/Robert E. Linkin*
                                      Robert E. Linkin