## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TEXAS
## SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DAVID MATSON, et al.**, individually and on behalf of all others similarly situated, | § § § | |
| *Plaintiffs*, | § § | |
| v. | § § | Civil Action No. 5:19-cv-00717 |
| **NIBCO, Inc.**, | § § | |
| *Defendant*. | § § § § | |

### PLAINTIFFS' MOTION TO STRIKE NON-PARTY WILLIAMS PLAINTIFFS' OBJECTIONS

Plaintiffs David Matson, Barbara Matson, and Yolanda Garrett ("Plaintiffs"), individually and on behalf of all others similarly situated (the "Settlement Class" and "Settlement Class Members") file this Motion to Strike Non-Parties Janice Williams, Antonio Rodriguez, Jr., Princess Diane Pippen, Diane Robinson and Maya Robinsons' ("Williams Plaintiffs") Objections to the Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 64), and in support thereof state:

1.      In the very title of their Motion, the Williams Plaintiffs continue to acknowledge that they are not parties in this case. They also acknowledge that they are not members of the Settlement Class and instead filed their own case in this Court in January 2020.[1] They nevertheless continue to file pleadings in this case.

---

[1] Curiously, in their Reply filed in support of their motion to file their objection and set a briefing schedule, the Williams Plaintiffs represented to this Court that they had filed their action at "about the same time" as this action. *See* ECF 61 at p.2. In fact, their action was filed approximately seven (7) months after Plaintiff's filed their action in this Court.

2.      First, on December 31, 2020 the Williams Plaintiffs filed a document notifying the Court that they would be "objecting" to a Settlement Class they were not members of, in a case where they were not parties. *See* Dkt. No. 54. Two weeks later, they filed an opposed motion asking this Court to set a briefing schedule for their objection. *See* Dkt. No. 57.

3.      Plaintiffs responded to that motion, noting that the Williams Plaintiffs are not parties to this litigation, are not members of the Settlement Class, are not personally affected in any manner by the proposed settlement and release, and as such have no standing to object to the proposed settlement. *See* Dkt. No. 59 (which Plaintiffs incorporate by reference, as if fully set forth herein).

4.      After receiving that response, and without this Court having granted them the permission to file an objection—permission they themselves had sought—the Williams Plaintiffs unilaterally filed their "objection" without the Court having permitted them to do so.

5.      The Williams Plaintiffs' objection should now be struck by the Court because: (a) they are not parties to this case and have not been granted permission to file anything in a case in which they are, by their own admission, non-parties; (b) they are not members of the Settlement Class, and so the Settlement does not affect their individual claims in any way, which they are free to continue to pursue in *Janice Williams et al. v. NIBCO, Inc*. No. 5:20-cv-00048-JKP-RBF; and (c) the permission they sought to file their objection has not been granted.

6.      In that regard, the Williams Plaintiffs' "objections" are also, procedurally speaking, a nullity and should be stricken for that reason as well. That is because they have filed an objection outside of the process set forth in Rule 23 which calls for Notice to the Class, followed by an objection and opt-out period for *actual* Settlement Class Members, should any decide to do so.

7.      Striking the Williams Plaintiffs' objection does not affect any actual member of the Settlement Class. Settlement Class Members will have the right to participate in, object to, or opt out of the proposed Settlement. The orderly process for doing so is set forth in the proposed Order Granting Preliminary Approval, which was submitted along with the pending Motion for Preliminary Approval (Dkt. No. 50-2), and which among other things describes the Notice Plan designed by the Parties to provide Notice to the Settlement Class in a manner consistent with all due process requirements.

8.      Importantly, should an actual Settlement Class Member file the same objections raised by the Williams Plaintiffs, Plaintiffs will respond to such an objection by noting that it misrepresents the proposed Settlement and is legally and factually baseless. But the Williams Plaintiffs are not Settlement Class Members, so Plaintiffs will not respond to a purported "objection" which has been filed only for the purposes of delay and which the Williams Plaintiffs indicate is a potential placeholder for a potential further objection if Preliminary Approval is granted. The Williams Plaintiffs are undoubtedly aware of Rule 23's procedures—and their lack of standing—but for some perceived tactical advantage, they continue to try to forestall the Court's consideration of Plaintiffs' Unopposed Motion for Preliminary Approval of Class Action Settlement (Dkt. No. 50).

9.      In sum, The Williams Plaintiffs are not parties to this litigation, are not members of the Settlement Class, are not personally affected in any manner by the proposed Settlement, and are trying to subvert the Court sponsored notice and approval process through this filing and other actions. As such, they simply have no standing to object to the Settlement.

10.     Defendant is **unopposed** to the relief requested in this motion. Plaintiffs have not conferred with counsel for the Williams Plaintiffs as L.R. CV-7(i) only requires "parties" to confer

regarding non-dispositive motions.

WHEREFORE, Plaintiffs respectfully request the Court grant the instant Motion to Strike

Non-Party Williams Plaintiffs' Objections.


Dated: February 5, 2021                    Respectfully submitted,

                                           */s/ Robert E. Linkin*
                                           Robert E. Linkin

                                           **NIX PATTERSON, LLP**
                                           3600 N Capital of Texas Highway, Ste. B350
                                           Austin, Texas 78746
                                           (512) 328-5333 (telephone)
                                           Austin Tighe
                                           atighe@nixlaw.com

                                           **MUNCK WILSON MANDALA, LLP**
                                           2801 Via Fortuna, Ste. 630
                                           Austin, Texas 78746
                                           (737) 201-1616 (telephone)
                                           Robert E. Linkin
                                           rlinkin@munckwilson.com

                                           **DuBOIS, BRYANT & CAMPBELL, LLP**
                                           303 Colorado Street, Ste. 2300
                                           Austin, TX  78701
                                           (512) 457-8000 (telephone)
                                           J. David Rowe
                                           drowe@dbcllp.com

                                           **GRABLE GRIMSHAW PLLC**
                                           1603 Babcock Road, Ste. 118
                                           San Antonio, TX  78229
                                           (210) 963-5297 (telephone)
                                           Brandon J. Grable
                                           brandon@g2.law
                                           Matthew Grimshaw
                                           matt@g2.law

                                           ***ATTORNEYS FOR PLAINTIFFS***
                                           **David Matson and Barbara Matson,**
                                           **Individually, and on Behalf of All Others**
                                           **Similarly Situated**

/s/ Kirby D. Farris
Kirby D. Farris
*(Pro Hac Vice* Forthcoming)
**FARRIS, RILEY & PITT LLP**
505 20th Street North, Ste. 1700
Birmingham, AL 35203
(205) 324-1212 (telephone)
(205) 324-1255 (fax)
kfarris@frplegal.com

***ATTORNEY FOR PLAINTIFFS***
**Yolanda Garrett, Individually, and on Behalf of
All Others Similarly Situated**

874477

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of February, 2021, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following:

Missy Atwood
matwood@germer-austin.com
Ben Zinnecker
bzinnecker@germer-austin.com
GERMER BEAMAN & BROWN PLLC
301 Congress Avenue, Suite 1700
Austin, TX 78701

J. Gordon Cooney, Jr.
Gordon.cooney@morganlewis.com
Franco A. Corrado
Franco.corrado@morganlewis.com
MORGAN, LEWIS & BOKIUS, LLP
1701 Market Street
Philadelphia, PA 19103-2921

Kevin Kuhlman
kkuhlman@lathropgage.com
LATHROP & GAGE, LLP
2345 Grand Blvd., Ste. 220 Kansas City, MO
64108-2618

*Counsel for Defendant NIBCO, Inc.*

George M. Fleming
George-fleming@fleming-law.com
Gregory D. Brown
Gregory_brown@fleming-law.com
FLEMING, NOLEN & JEZ, LLP
2800 Post Oak Blvd., Suite 4000
Houston, TX 77056

*Counsel for Non-Party Williams Plaintiffs*

 */s/ Robert E. Linkin*
Robert E. Linkin