IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | |
|---|---|
| DAVID MATSON, BARBARA MATSON, YOLANDA GARRET, INDIVIDUALLY AND ON BEHALF OF ALL OTHERS SIMILARLY SITUATED;<br><br>*Plaintiffs*,<br><br>vs.<br><br>NIBCO INC.,<br><br>*Defendant*. | 5-19-CV-00717-RBF |

**ORDER**

Before the Court are the (1) Unopposed Motion for Preliminary Approval of Class Action Settlement, filed by Plaintiffs David Matson and Barbara Matson, individually and on behalf of all others similarly situated, Dkt. No. 50; (2) Opposed Motion of Non-Parties Janice Williams, Antonio Rodriguez, Jr., Princess Diane Pippen, Diane Robinson, and Maya Robinson for the Court to Set a Briefing Schedule, Dkt. No. 57, (3) Non-Parties' Opposed Motion for Leave to Exceed Page Limitation, Dkt. No. 63, and (4) Plaintiffs' Motion to Strike the Non-Parties' Objections to the Motion for Preliminary Approval, Dkt. No. 65. This case is assigned for disposition of all proceedings related to final settlement approval and entry of a resulting final judgment pursuant to the parties' consent to U.S. Magistrate Jurisdiction. *See* 28 U.S.C. § 636(c); Dkt. Nos. 56 & 58.

As discussed further below and more fully in a contemporaneous order, the Court (1) **GRANTS** Plaintiffs' Motion for Preliminary Approval, Dkt. No. 50, and Plaintiffs' Motion to Strike, Dkt. No. 65; (2) **DENIES WITHOUT PREJUDICE** the Non-Parties' Motions, Dkt. Nos. 57 and 63; and **STRIKES** the Non-Parties' Memorandum, Dkt. No. 64.

On June 19, 2019, Plaintiffs David and Barbara Matson initiated this action on behalf of themselves and others similarly situated, contending that Defendant NIBCO Inc. manufactured or distributed defective cross-linked polyethylene tubing that caused or will cause Plaintiffs and the putative class members to suffer water damage to their residences. Their live Complaint raises claims for (1) breach of express warranty pursuant to Section 2-313 of the Uniform Commercial Code; (2) breach of implied warranty of merchantability pursuant to Section 2-314 of the Uniform Commercial Code; and (3) Strict Liability Design Defect, Manufacturing Defect and Failure to Warn. *See* Dkt. No. 52. On December 22, 2020, Plaintiffs advised the Court that the parties have successfully resolved Plaintiffs' claims. They seek an Order pursuant to Fed. R. Civ. P. 23(e): (1) preliminarily approving the Settlement; (2) provisionally certifying the Settlement Class; (3) providing for issuance of notice to the Settlement Class; and (4) scheduling a final-fairness hearing. Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, Dkt. No. 50, is **GRANTED** for the reasons explained in the Court's contemporaneous order.

Shortly after Plaintiffs moved for preliminary settlement approval, the Non-Parties—who are plaintiffs in a related case styled, *Williams v. NIBCO*, No. 5-20-cv-48-JKP-RBF (W.D. Tex. filed Jan. 14, 2020)—notified the Court of their belief that their rights will be potentially affected by the Court's adjudication of the proposed settlement. *See* Dkt. No. 57. Accordingly, the Non-Parties requested that the Court set a briefing schedule permitting them to file a formal memorandum and motion objecting to the settlement. *See id.* Plaintiffs and NIBCO opposed the motion, asserting that the Non-Parties don't have standing to object to the settlement. *See* Dkt. Nos. 59 & 60.

On January 29, 2021, while the Non-Parties' motion requesting entry of a briefing schedule was pending, the Non-Parties filed a 28-page memorandum objecting to the Court preliminarily approving the Class Action settlement, Dkt. No. 64, along with a Motion for Leave

to Exceed the Page Limitation, Dkt. No. 63. Plaintiffs now move to strike the Non-Parties' Memorandum, Dkt. No. 65, again arguing that the Non-Parties lack standing to file pleadings in this case.

Plaintiffs' Motion to Strike, Dkt. No. 65, is **GRANTED** and the Clerk of Court is instructed to **STRIKE** the Non-Parties' Memorandum, Dkt. No. 64. The Non-Parties aren't parties to this litigation or class members, and they never received permission to file the aforementioned memorandum. Indeed, their motion seeking leave to file objections was still pending at the time they filed their memorandum. Moreover, even if the Non-Parties had standing to object to the settlement, their objection at this early juncture is premature. As explained in the contemporaneous Order granting Preliminary Approval to Class Action Settlement, Provisionally Certifying Settlement Class, Directing Notice to the Settlement Class, and Scheduling Final Approval Hearing, the Court will consider objections to the settlement and similar matters—including those asserted by the Non-Parties—at the Final Approval Hearing. Accordingly, the Non-Parties' Motion requesting a briefing schedule, Dkt. No. 57, and Motion for leave to exceed the page limitation, Dkt. No. 63, are **DENIED WITHOUT PREJUDICE**. Parties with standing to object to the settlement, including those wishing to argue that they have or ought to have standing to object and wishing to object, will be afforded an opportunity to be heard before the Court rules on Final Approval.

**IT IS SO ORDERED.**

SIGNED this 23rd day of February, 2021.

_____
RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE