UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| DAVID MATSON, BARBARA MATSON, YOLANDA GARRET, INDIVIDUALLY AND ON BEHLF OF ALL OTHERS SIMILARLY SITUATED.; <br><br> *Plaintiffs,* <br><br> vs. <br><br> NIBCO INC., <br><br> *Defendant.* <br> _____ <br><br> JANICE WILLIAMS, ANTONIO RODRIGUEZ, JR., PRINCESS DIANE PIPPEN, DIANE ROBINSON, MAYA ROBINSON, <br><br> *Plaintiffs,* <br><br> vs. <br><br> NIBCO, INC., <br><br> *Defendant.* <br> _____ | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | No. 5:19-CV-717-RBF <br><br><br><br><br><br><br><br><br><br><br><br><br><br> No. 5:20-CV-48-JKP-RBF |

**ORDER**

Before the Court is the Motion for Sanctions and Curative Action filed by Defendant NIBCO, Inc in both of the above-referenced cases. *See Matson*, 5-19-cv-717, Dkt. No. 72; *Williams*, 5-20-cv-48-JKP-RBF, Dkt. No. 38. The parties in *Matson* have consented to U.S. Magistrate Judge jurisdiction, *see* 28 U.S.C. § 636(c); Dkt. Nos. 56 & 58, and the *Williams* case has been referred for resolution of all nondispositive pretrial purposes pursuant to Rules CV-72

1

and 1 of Appendix C of the Local Rules of the United States District Court for the Western District of Texas. *See* Dkt. No. 4.[1]

Pursuant to Federal Rule of Civil Procedure 42(a), the Court finds it appropriate to consolidate these cases solely for purposes of disposition of NIBCO's Motion for Sanctions and Curative Action, including a hearing on the Motion. Both cases are pending in this Court and involve both a common defendant and overlapping issues. Specifically, NIBCO's Motion takes issue with conduct by counsel in the *Williams* case to allegedly solicit opt-outs from the *Matson* class, which NIBCO contends has adversely (and, in NIBCO's opinion, improperly) affected the preliminarily approved *Matson* class settlement. Moreover, there is a substantial risk of inconsistent adjudications if the cases aren't consolidated for this limited purpose, and consolidation will promote judicial economy. Finally, there is no risk that consolidation will cause any of the parties to suffer any prejudice, notwithstanding the fact that the cases are in different stages in litigation. *See Shafer v. Army & Air Force Exch. Serv.*, 376 F.3d 386, 394 (5th Cir. 2004) (recognizing that consolidation is permitted "as a matter of convenience and economy in administration") (quotations omitted); *Gabriel v. OneWest Bank FSB*, No. CIV.A. H-11-3356, 2012 WL 1158732, at *1 (S.D. Tex. Apr. 5, 2012) (discussing factors a court should consider when analyzing the appropriateness of consolidation). Consolidation, however, "'does not merge the suits into a single cause, or change the rights of the parties.'" *In re Excel Corp.*, 106 F.3d 1197, 1201 (5th Cir. 1997) (quoting *Johnson v. Manhattan Railway Co.*, 289 U.S. 479, 496-97 (1933)).

**IT IS THEREFORE ORDERED** that NIBCO's Motion for Sanctions and Curative Action, *see Matson*, 5-19-cv-717, Dkt. No. 72; *Williams*, 5-20-cv-48-JKP-RBF, Dkt. No. 38, is

---

[1] Consolidation is a nondispositive issue. *See Tex. Dep't of Transp. v. Canal Barge Co., Inc.*, No. 4:20-CV-00868, 2020 WL 4335787, at *1 n.1 (S.D. Tex. Jul. 28, 2020).

set for a consolidated hearing on **April 21, 2021 at 9:30 am**. The hearing will be held by video conference using the Zoom video platform. As the date for the hearing approaches, the Court will send, by separate communication, instructions for participating in the video conference.

**IT IS SO ORDERED**.

SIGNED this 16th day of April, 2021.

RICHARD B. FARRER
UNITED STATES MAGISTRATE JUDGE